# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 CR 785 - 1 | **DATE** | 12/7/2001 |
| **CASE TITLE** | United States of America vs. David Smith | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The court finds that the defendant's count of conviction establishes an offense specifically covered by § 1512(b)(3), and U.S.S.G. Section 2J1.2 will be applied. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | 3 number of notices | |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | DEC 10 2001 date docketed | |
| | Docketing to mail notices. | | 54 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SLB | courtroom deputy's initials | 01 DEC -7 PM 5:01  12/7/2001 date mailed notice | |
| | | Date/time received in central Clerk's Office | SLB mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 00 CR 785-1 |
| v. ) | |
| ) | Judge George W. Lindberg |
| DAVID SMITH ) | |
| ) | |
| ) | |
| ) | |
| Defendant. ) | |

**DOCKETED DEC 1 0 2001**

## MEMORANDUM OPINION AND ORDER

On March 13, 2001, defendant David Smith was found guilty at trial of Count Two of his indictment. Count Two charged that on or about August 17, 2000, the defendant knowingly and willingly made false, fictitious, and fraudulent statements and representations of material facts in a matter within the jurisdiction of the Federal Bureau of Investigation (FBI), in violation of 18 U.S.C. § 1001. At the sentencing hearing on November 15, 2001, the issue arose of which guideline to apply in determining the sentencing of defendant.

Note that there is a new 2001 edition of the Guidelines Manual; the 2000 edition of the manual was used by the probation officer in preparing his presentence report. The court must use the Guidelines Manual in effect on the date that the defendant is sentenced. U.S. Sentencing Guidelines Manual (U.S.S.G.) § 1B1.11. A sentencing hearing for defendant Smith was held on November 14, 2001 and continued to December 10, 2001, therefore the 2001 Guidelines Manual should be used.

Section 2F1.1 does not exist in the new Guidelines. In the 2000 Guidelines, Application Note 14 of U.S.S.G. § 2F1.1 stated that where the indictment or information setting forth the count of conviction establishes an offense more aptly covered by another guideline, apply that guideline. In the current 2001 Guidelines, the offense guideline applicable to the statute of conviction - 18 U.S.C. § 1001 - is § 2B1.1.[1]

Subsection(c)(3) of §2B1.1 states:

> If (A) neither subdivision (1) nor (2) of this subsection applies; (B) the defendant was convicted under a statute proscribing false, fictitious, or fraudulent statements or representations generally (e.g., 18 U.S.C. § 1001, § 1341, § 1342, or § 1343); and (C) the conduct set forth in the count of conviction establishes an offense specifically covered by another guideline in Chapter Two (Offense Conduct), apply that other guideline.

As for § 2B1.1(c)(3)(A), neither subdivision (1) nor (2) applies here. Subsection (1) concerns the taking or receiving of a "firearm, destructive device, explosive material, or controlled substance," and Subsection (2) concerns an offense involving arson or property damage by use of explosives. In regards to (B), the defendant was convicted under 18 U.S.C. § 1001.

As for (C), the conduct set forth in the count of conviction does establish an offense specifically covered by another guideline, namely, 2J1.2--the obstruction of justice guideline. To determine the applicable offense guideline we look to the offense conduct charged in the count of conviction. U.S.S.G. § 1B1.2.

Count Two of Smith's indictment charges that Smith:

---

[1] Application Note 11 to § 2B1.1 now includes this "more apt" language; it states that "Subsection(c)(3) provides a cross reference to another guideline in Chapter Two (Offense Conduct) in cases in which the defendant is convicted of an offense under a general fraud statute, and the count of conviction establishes an offense more aptly covered by another guideline." Per Application Note 11, (1) Smith has been convicted of a general fraud statute– § 1001, and (2) the count of conviction establishes an offense "more aptly covered" by an obstruction of justice guideline - Section 1503 or 1512. Guideline 2J1.2 "more aptly covers" defendant Smith's offense because his indictment is for lying about the existence of a Secretary of State official as a way to deter FBI agents from prosecuting him for his crime of deceiving people into proffering money in exchange for a false offer to clear their driving records.

knowingly and willingly made false, fictitious, and fraudulent statements and representations of material facts in a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, in that the defendant made false statements and representations during an interview conducted by, among others, two Special Agents of the FBI, including the following: (i) the defendant obtained the names, addresses, drivers' license and driving history information relating to the Individuals from his source, John LNU, who was a hearing officer with the SOS office; (ii) the defendant frequently met John LNU in the Lombard SOS facility parking lot where John LNU provided him proprietary SOS information. . . .; (iii) John LNU received $250 payments that defendant had collected from each of the Individuals, in return for John LNU clearing up the driving records of each Individual.

Looking to Count Two shows that the defendant was convicted of false statements to the FBI about his source in the SOS office. This conduct satisfies § 1512(b)(3). Section 1512(b)(3) reads:

> Whoever knowingly uses intimidation or physical force, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to–hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense. . .shall be fined under this title or imprisoned not more than ten years, or both. 18 U.S.C. § 1512(b)(3).

Defendant Smith's conduct fulfills all elements of Section 1512(b)(3). Smith knowingly engaged in misleading conduct toward another person–the law enforcement officers--with intent to hinder, delay and prevent the communication to the law enforcement officers of information relating to his commission of a Federal offense, and less directly, but nonetheless in so doing, he also hindered and delayed the communication of information relating to his commission of a Federal offense to a judge of the United States.

In arguing that Section 2J1.2 should *not* be applied, defendant relies on the recent First Circuit opinion, United States v. Scungio, 255 F.2d 11 (1st Cir. 2001), in which the court interpreted (the now inapplicable) Application Note 14 (with language similar to Application Note 11 to §2B1.1) and held, under the facts of that case, that Section 2F1.1 was the "more apt"

3

guideline than Section 2J1.1. Id. at 15-19. The court of appeals held that the district court, in sentencing the defendant under 2J1.1, did not attempt to find by a preponderance of the evidence that the elements of the "more specific statute" were met (U.S.S.G. 2000 § 2F1.1, cmt. n. 14). The court of appeals held that neither the indictment charging the defendant with making false statements nor the stipulated facts contained in the PSR established an essential element of 18 U.S.C § 1503 – the only obstruction of justice provision which the government in <u>Scungio</u> argued was applicable - that defendant knew or had notice of a pending proceeding that his false statements would obstruct. Therefore the court of appeals held that the defendant's offense was not "more aptly covered" by the Obstruction of Justice guideline. Id. at 19.

However, in the case at hand, even if it is not clear if the defendant knew or had notice of a pending proceeding that his false statements would obstruct, the government argues that the indictment and evidence support a violation under 18 U.S.C. § 1512(b)(3)--a statute to which the government in <u>Scungio</u> did not make reference. (In addition, the Seventh Circuit has never addressed the issue addressed by the First Circuit in <u>Scungio</u>.)

By looking to 18 U.S.C § 1512 rather than 18 U.S.C § 1503, the contested issue of whether the defendant knew or had notice of a pending proceeding need not be decided. Unlike 18 U.S.C § 1503, 18 U.S.C § 1512(b)(3) does not include a requirement that the defendant knew of any grand jury proceeding at the time he made the false statements, and, as discussed above, all three elements of the statute are fulfilled here.

In the Defendant's Reply, defendant's only argument against the use of 18 U.S.C. § 1512 is that it is entitled "Tampering with a witness, victim, or an informant," and that neither Congressional history nor case law makes reference to the phrase "any person" in the statute

applying to federal agents. The defendant cites to cases in which the courts have construed any "person" to include potential witnesses, grand jury witnesses, and "even state investigators"– United States v. Veal, 153 F. 3d 1233, 1246 (11th Cir. 1998), but claims that "there has been no case in the Seventh Circuit where § 1512 has been applied to lying to federal agents" and no case where the United States Attorney's Office has charged a defendant who has made false statements to a federal agent or officer with § 1512.

However, the court's reasoning in United States v. Veal, in which the court finds "any person" to include state investigators, should be applied in the case at hand to include federal investigators. In United States v. Veal the Eleventh Circuit upheld the district court decision to reject the defendants' argument that "another person" in § 1512(b)(3) does not refer to state law enforcement agents. The defendants tried to argue that the phrase in the statute "another person" is ambiguous and therefore required the aid of legislative history for interpretation. However, the appeals court noted that to get to an analysis of legislative history, the defendants first must show that "another person" is ambiguous. Yet the Eleventh Circuit found that "there is no ambiguity in 'another person', which is easily and commonly understood to mean *any* person, regardless of whether he possessed knowledge of the commission or possible commission of a federal crime from being an eyewitness or investigating official." Id. at 1245.

In Veal, the court found that the defendants' conduct of misleading state investigators by not telling them the true circumstances of someone's death in order to prevent the investigators from learning the actual facts of his death and thereby precluding their communicating those facts to the FBI, U.S. Department of Justice, and judges of the United States, fell within what the court refers to as "the broad language of section 1512(b)(3)." Id. at 1246.

Additionally, the defendants in Veal, like the defendant in the case at hand, tried to rely

on the caption or title of 18 U.S.C. § 1512 as evidence that Congress intended "another person" to be constricted by the statutory title to mean "witness, victim, or informant." The defendants urged the application of the doctrine of *ejusdem generis*, representing "that where general words follow a specific enumeration of persons or things, the general words should be limited to persons or things similar to those specifically enumerated." The court of appeals, in response, cited to the Supreme Court's decision in <u>Brogan v. U.S.</u>, 522 U.S. 395, 398, 118 S.Ct. 805, 809 in which the Court declined to apply the principle of *ejusdem generis* (to determine that only false statements that pervert governmental functions are encompassed by 18 U.S.C. § 1001) and stated: "it is not, and cannot be, our practice to restrict the unqualified language of a statute to the particular evil that Congress was trying to remedy—even assuming that it is possible to identify that evil from something other than the text of the statute itself." <u>See id.</u> Moreover, the Court held that even if one were to apply *ejusdem generis*, "witness," as used in the caption, can be interpreted to encompass state investigators. <u>Id</u>. at 1246.

The Eleventh Circuit's reasoning above can be applied to include federal investigators in the case at hand. The Eleventh Circuit stated that:

> [P]olice officers, as a consequence of their occupation, become witnesses as a matter of course in each investigation in which they are involved. Thus, the terms used in the statutory title do not exempt police officers. The fact that Congress did not use restrictive language in drafting § 1512(b)(3) confirms our logical conclusion that 'witness,' as used in the caption, can be interpreted to encompass state investigators." <u>See id.</u>

This same reasoning may be applied to the case at hand, which would lead the court to conclude that "witness," as used in the caption to § 1512, can be interpreted to encompass federal investigators, the FBI to whom the defendant lied.

Even if it were appropriate to look to legislative history, legislative history rejects the application of *ejusdem generis* to § 1512(b)(3). As the Eleventh Circuit explained in <u>Veal</u>, the

6

Senate Report shows legislative intent to expand the existing "obstruction of justice" statutory scheme by enacting § 1512. Veal at 1247. The Senate Committee stated that §1512(b)(3) should be read in view of the congressional recognition that the purpose of preventing an obstruction or miscarriage of justice cannot be fully carried out by a simple enumeration of the commonly prosecuted obstruction offenses. "There must also be protection against the rare type of conduct that is the product of the inventive criminal mind and which also thwarts justice." See Veal at 1247, *citing* Victim & Witness Protection Act of 1982, S.Rep. No. 97-352, at 18(1982) *reprinted in* 1982 U.S.C.C.A.N. 2515, 2524. The court of appeals in Veal found that the Senate Report on §1512(b)(3) "reveals that it is to be read to include a wide range of conduct that thwarts justice." Veal at 1247. The court in Veal found that the actions of defendants fit within the Committee's discussion of proscribed conduct under §1512(b)(3), which includes "activities designed to create witnesses as part of a cover-up and to use unwitting third parties or entities to deflect the efforts of law enforcement agents in discovering the truth." Id. In the case at hand, the defendant is guilty of analogous behavior, of trying to create false and misleading evidence to thwart law enforcement agents' investigation. As the Eleventh Circuit stated, "[i]t is clear that Congress intended 1512(b)(3) to be used to punish deceptive methods of impeding justice." Id.

The defendant's objection to the application of § 1503–the lack of a federal nexus–does not apply to § 1512(b)(3). The court in United States v. Veal held that:

> [C]onsistent with the previously discussed legislative history, which evidences congressional intent to broaden the scope of the obstruction of justice scheme, the jurisdictional basis under these subsections is not limited to 'official proceedings,' as is the case with the remaining provisions of § 1512. Instead, federal jurisdiction under § 1512(b)(3) is based on the federal interest of protecting the integrity of potential federal investigations by ensuring that transfers of information to federal law enforcement officers and judges relating to the possible commission of federal offenses be truthful and unimpeded. Veal at 1250.

7

The court found that, based upon its wording, §1512(b)(3) does not depend on the existence or imminency of a federal case or investigation but "on the possible existence of a federal crime and a defendant's intention to thwart an inquiry into that crime." Id. at 1250. Therefore, it would be irrelevant whether the defendant in the case at hand was aware of the grand jury proceeding, or whether he was provided with a criminal complaint.

As the court in United States v. Veal stated:

Section 1512(b)(3) does not connect the federal interest with an ongoing or imminent judicial proceeding or the defendant's knowledge of one. Instead, the federal interest derives from the *character* of the affected activity, the *transmission* of information to federal law enforcement agents and/or a federal judge concerning a possible federal crime. Seeking to foster the communication of truthful, nonmisleading information to federal authorities regarding a possible federal crime is the important federal interest that 1512(b)(3) effectuates. Consequently, the specifically stated federal nexus in 1512(b)(3), and not the Aguilar interpretation of the federal nexus in 1503, controls our analysis of the scope of 1512(b)(3). Id. at 1251.

**ORDERED**: The court finds that the defendant's count of conviction establishes an offense specifically covered by § 1512(b)(3), and U.S.S.G. Section 2J1.2 will be applied.

ENTER:

_____
GEORGE W. LINDBERG
United States District Judge

DATED: DEC 2001

8